IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAWZI KHALID ABDULLA FAHAD AL ODAH., et al., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 02-0828 (CKK) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF ESTEBAN RODRIGUEZ**

Pursuant to 28 U.S.C. § 1746, I, Esteban Rodriguez, hereby declare:

1. I am a civilian employee of the United States Department of Defense (DoD). I currently serve as Director of the Joint Intelligence Group ("JIG") of the Joint Task Force – Guantanamo Bay Naval Base ("JTF-GTMO"). The JIG's mission is to collect intelligence information from detained enemy combatants in the Global War on Terror who are deemed to be of strategic intelligence value. I have served as Director of the JIG since 17 July 2003. In this capacity, I am responsible for managing and overseeing interrogation operations at the detention facility. I joined the United States as an interrogator in 1979, and have been in the human intelligence (HUMINT) business ever since. I have overseen interrogation and debriefing activities for DoD in the continental United States, Europe and now Guantanamo. I have personal knowledge of the matters stated herein.

2. The Department of Defense does not permit interrogators or other personnel to interfere with the relationship between any detainee and his lawyer. This would include a prohibition on impersonating a lawyer, on making disparaging comments about the lawyer, and on retaliating against a detainee for having met with a lawyer or being involved in habeas corpus litigation.

3. I have reviewed the Declaration of Thomas Wilner, submitted as part of this litigation. His declaration contends that a female interrogator named Megan has told Faziz Al Kandari not to trust his lawyers because they are Jewish and that she informed Mr. Al Kandari she was angry at him for talking to his lawyers and that he would be tortured if he went back to Kuwait. I have spoken with the female interrogator in question and she has reviewed these allegations in Mr. Wilner's declaration. She has

informed me that these allegations are false and that she never made disparaging comments about the lawyers during conversations with Mr. Al Kandari, nor has she ever done anything to interfere in the relationship between Mr. Al Kandari and his lawyer. This interrogator has been assigned to Mr. Saad Al-Azmi since well before his lawyers began visiting Guantanamo Bay late in 2004. She has likewise informed me that she never made disparaging comments about the lawyers during conversations with Mr. Al-Azmi, nor has she ever done anything to interfere in the relationship between Mr. Al-Azmi and his lawyers.

4. Mr. Wilner's declaration also states that an unidentified male interrogator told Fouad Mahmoud Al Rabiah on numerous occasions that he should not trust his lawyers because they are Jewish and that if he agreed to let the lawyers represent him, he will be held at Guantanamo forever. I have spoken with the interrogator who has been assigned to Mr. Al Rabiah since well before his lawyers began visiting Guantanamo Bay late in 2004, and he has reviewed these allegations in Mr. Wilner's declaration. He has informed me that these allegations are false and that he never made disparaging comments about the lawyers with Mr. Al Rabiah, nor has he ever done anything to interfere in the relationship between a detainee and his lawyer.

5. Other than the interrogators mentioned above, no other individuals have interrogated Mr. Al-Azmi or Mr. Al Rabiah since well before their lawyers began visiting Guantanamo Bay late in 2004.

6. The interrogators referred to above are active duty military or are contractors and, as such, are subject to the Uniform Code of Military Justice ("UCMJ"). Interrogators who are contractors are bound to the UCMJ as a condition of their contract.

The UCMJ prohibits the making of false official statements, 10 U.S.C. section 907. Were the interrogators to have falsified their responses to my inquiries described above, they would potentially be subject to discipline and other punitive measures under the UCMJ or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 5, 2005

_____
ESTEBAN RODRIGUEZ