IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ahmed "Doe", *et al.*, )<br><br>v.  )<br><br>GEORGE W. BUSH,<br>     President of the United States,<br>     *et al.*,  )<br><br>*Respondents/Defendants.*  ) | Civil Action No.<br>05-CV-1458 (ESH) |

**RESPONSE TO RESPONDENTS' NOTICE AND
RENEWED MOTION FOR ENTRY OF THE PROTECTIVE ORDER**

Petitioners, by their undersigned attorneys, submit this pleading (1) responding to Respondents' July 7, 2006, Notice setting forth their position concerning the effect of the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, in light of the decision in *Hamdan v. Rumsfeld*, 548 U.S. ___, 126 S. Ct. 2749 (2006); and (2) renewing the request that the standard Protective Order be entered in this matter.

**BACKGROUND**

Petitioners filed their Petition for *Habeas Corpus* on July 22, 2005.

On December 30, 2005, the President signed into law the Detainee Treatment Act of 2005, Pub.L.No. 109-148, §§ 1001-06, 119 Stat. 2680, 2739-44 (hereinafter the "DTA").

On January 4, 2006, Respondents filed a Notice of Supplementary Authority expressing an intention to file a DTA-based motion to dismiss. Respondents, however, did not file such a motion.

1

On March 29, 2006, Petitioners filed a Motion for Entry of the Protective Order[1].  In the

Petitioners' brief, it was argued that jurisdictional questions do not have any impact on the entry

of the Amended Protective Order.  Specifically, Petitioners stated:

> As an initial matter, counsel for Petitioners recognize that the Respondents may argue
> that a stay should be entered in this case due to the jurisdictional questions raised by the
> Detainee Treatment Act of 2005, Pub.L.No. 109-148, §§ 1001-06, 119 Stat. 2680, 2739-
> 44 ("DTA").  Entry of the Amended Protective Order does not, however, have any
> "bearing on the question of which Court has jurisdiction to review the merits of
> Petitioner's challenge to his detention." In fact, as Judge Kay appropriately noted:
>
>> [I]t will undoubtedly take months for the courts to grapple with the
>> jurisdiction and retroactivity…*Forcing [Petitioner] to wait until such
>> proceedings and appeals are concluded before permitting him to speak
>> with his lawyer renders his right to counsel meaningless.*

(3/29/06 Mem. in Supp. at 2.), citing, *Adem v. Bush, et al.*, No. 05-00723, memo. Op. at 22

(D.D.C. March 14, 2006)(Kay, J.)

On March 31, 2006, The Honorable Ellen Segal Huvelle, U.S.D.J., entered an Order

denying without prejudice all pending motions until such time the question of the Court's

jurisdiction is resolved.

On April 13, 2006, Respondents' filed Notice that they will not submit a substantive

response to Petitioners' request for entry of the Protective Order due to the March 31, 2006

Order.

Subsequent to the passage of the DTA, other Judges of this Court have entered the

Protective Order in a number of other Guantánamo *habeas* cases.  The following is a list of all

such orders of which counsel is aware:

> *Al Salami v. Bush,* 05-2452 (D.D.C. Apr. 13, 2006)(PLF)

---

[1] The Amended Protective Order includes the following orders entered in *In re Guantanamo Detainee Cases*;
Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo
Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., (D.D.C. Nov. 8, 2004) (attached as Exhibit
A); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective
Order in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., (D.D.C. Dec. 13, 2004) (attached as Exhibit B);
Order Addressing Designation Procedures for "Protected Information" in In re Guantanamo Detainee Cases, No. 02-
CV-0299, et al., (D.D.C. Nov. 10, 2004) (Attached as Exhibit C).

*Said v. Bush*, 05-2384 (D.D.C. Apr. 12, 2006)(RWR)

*Alsaaei v. Bush*, 05-2369 (D.D.C. Apr. 12, 2006)(RWR)

*Al Shareef v. Bush*, 05-2458 (D.D.C. Apr. 12, 2006)(RWR)

*Zadram v. Bush*, 05-2367 (D.D.C. Apr. 12, 2006)(RWR)

*Awad v. Bush*, 05-2379 (D.D.C. Apr. 11, 2006)(JR)

*Thabid v. Bush*, 05-2398 (D.D.C. Mar. 21, 2006)(ESH)

*Razakah v. Bush*, 05-2370 (D.D.C. Mar. 17, 2006)(EGS)

*Labed Ahmed v. Bush*, 05-1234 (D.D.C. Mar. 21, 2006)(EGS)

*Wahab v. Bush*, 05-886 (D.D.C. Jan. 10, 2006)(EGS)

*Mohammad v. Bush*, 05-879 (D.D.C. Jan. 9, 2006)(RBW)

*Bostan v. Bush*, 05-883 (D.D.C. Jan. 9, 2006)(RBW)

*Khiali-Gul v. Bush,* 05-877 (D.D.C. Jan. 6, 2006)(JR)

On June 29, 2006, the United States Supreme Court issued its decision in *Hamdan*. In its decision, the Court concluded that the DTA did not strip the courts of jurisdiction over petitions for *habeas corpus* pending at the time the DTA was enacted. 126 S. Ct. at 2769 n. 15.

After *Hamdan* was decided, during a conference with Magistrate Judge Kay on July 6, 2006, it was inquired, in light of the Supreme Court's ruling, whether the jurisdictional issues have been resolved, which would in turn allow for the entry of the Protective Order. Counsel for Respondents advised that it is their position that *Hamdan* does not resolve all jurisdictional issues under the DTA.

On July 7, 2006, Respondents filed their Notice, asserting that notwithstanding the statements of the Supreme Court in *Hamdan*, the Court lacks jurisdiction over this Petition. Nevertheless, on the same date, Respondents filed a Motion for Procedures Relating to Review of Certain Detainee Materials.

The Protective Order has not been entered in this matter. As a result, counsel for Petitioners have been unable to meet or speak with their clients during the year that this case has now been pending.

<center>**ARGUMENT**</center>

**I.     RESPONDENTS' ASSERTION THAT, NOTWITHSTANDING**
**        *HAMDAN*, THE DTA DIVESTS THIS COURT OF JURISDICTION**
**        SHOULD BE REJECTED.**

Section 1005(e)(1) of the DTA provides that no court shall have jurisdiction to consider
"an application for a writ of habeas corpus filed by or on behalf of an alien detained by the
Department of Defense at Guantanamo Bay, Cuba."  Respondents have previously argued in
other Guantanamo *habeas* cases that this provision applies to pending cases and, thus, had the
effect of divesting the district court of jurisdiction over all Guantánamo *habeas* cases.

Respondents now concede, as they must, that in *Hamdan* the Supreme Court
resoundingly rejected their Section 1005(e)(1) argument.  After reviewing the statutory text and
legislative history, the Supreme Court held that "§1005(e)(1) does not strip federal courts'
jurisdiction over cases pending on the date of the DTA's enactment."  126 S. Ct. at 2769 n.15.
Because *Hamdan*, like the case at bar, involved a *habeas* petition that was pending at the time of
the enactment of the DTA, the exercise of jurisdiction was appropriate.

Nevertheless, Respondents cling to their DTA argument.   They now assert that
jurisdiction in this Court is barred by the exclusive review provisions of the DTA, in particular,
the provision that vests "the District of Columbia Circuit Court of Appeals with exclusive
authority to review  the validity of any final decision of a Combatant Status Review Tribunal that
an alien is properly detained as an enemy combatant."  § 1005(e)(2).  Respondents' argument has
no merit.

As the *Hamdan* Court recognized, "subsections (e)(2) and (e)(3) grant jurisdiction only
over actions "to determine the validity of any final decision' of a CSRT or commission."  126 S.
Ct. at 2768-69.  Thus, a petitioner who is "not contesting any 'final decision' of a CSRT or

<center>5</center>

military commission . . . does not fall within the scope of subsection (e)(2) or (e)(3)." *Id.* at 2769. Expanding on this point, the Court indicated that while a challenge to the final decision of the CSRT would be subject to the exclusive review requirement of Section 1005(e)(2), *habeas* actions seeking more fundamental relief would not:

> There is nothing absurd about a scheme under which pending habeas actions— particularly those, like this one, that challenge the very legitimacy of the tribunals whose judgments Congress would like to have reviewed—are preserved, and more routine challenges to final decisions rendered by those tribunals are carefully channeled to a particular court and through a particular lens of review.

*Id.*[2]

The case at bar is not a routine challenge to the final decision of a CSRT. Petitioners assert numerous causes of action, allege that the Executive's conduct and policies exceed the bounds of Article II of the Constitution, and seek, in addition to declaratory and injunctive relief, *habeas corpus* – the remedy that permits them to demand either release to freedom or legal justification for imprisonment. In doing so they deny the legitimacy of the CSRTs. For example, their Petitions allege, among other things, that: (1) Petitioners are not properly detained subject to President Bush's authority as Commander-in-Chief, under the laws and usages of war, or Joint Resolution 23, Authorization for Use of Military Force, Pub. L. No. 107-40, 115 Stat. 224 (Sept. 18, 2001) ("AUMF"); (2) the executive order issued by President Bush, 66 Fed. Reg. 57,833 § 2 (Nov. 13, 2001), was not authorized by Congress and is beyond the scope of the Joint Resolution; (3) Petitioners have been denied the process due to them under the common law and the Due Process Clause of the Fifth Amendment, domestic civil and military law, and international law; (4) the conditions of confinement at Guantánamo are in violation of the Constitution, the regulations of the United States Military, the Geneva Convention, the

---

[2] *Cf. id.* at 2815 (Scalia, J., dissenting) ("By drawing a negative inference *à la Lindh*, the Court supplants this exclusive-review mechanism with a dual-review mechanism for petitioners who were expeditious enough to file applications challenging the CSRTs or military commissions before December 30, 2005.").

International Convention on Civil and Political Rights, the American Declaration on the Rights and Duties of Man, the 1954 Convention Relating to the Status of Refugees and customary international law; and (5) Petitioners are at risk of being rendered without lawful procedures to a country that engages in torture during interrogations and incarceration. (Petition for *Habeas Corpus*, filed 11/14/05.) Petitioners seek relief under the Fifth Amendment, the Third and Fourth Geneva Conventions, customary international humanitarian and human rights law, the Alien Tort Statute, Article II of the Constitution, the Administrative Procedure Act, the Convention Against Torture, the 1954 Convention Relating to the Status of Refugees, 28 U.S.C. §§ 2241 and 2242, and the Declaratory Judgment Act. (*Id.*) Accordingly, Respondents' attempt to recast Petitioners' action as nothing more than a challenge to the validity of their CSRT decisions must fail.[3]

Subsequent to the *Hamdan* decision, this Court has recognized its authority to exercise jurisdiction over the Guantánamo *habeas* cases. By Order dated July 3, 2006, this Court entered the Protective Order in the matter of *Al Darby v. Bush,* Case No. 05-2371 (RCL) (Ex. A.) Similarly, in a July 5, 2006, Order in *Hamoud v. Bush*, Judge Roberts concluded that "the [*Hamdan*] Court made clear that this court retains jurisdiction over this *habeas corpus* petition." (Ex. B at 1 n. 1.)[4]

Moreover, Respondents have themselves recognized the continued authority of this Court to exercise its jurisdiction over these matters. On the same day Respondents filed their Notice,

---

[3] Given the breadth of the relief sought by Petitioners, the *Hamdan* Court's statement that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3)," 126 S. Ct. at 2769, has no bearing here. *Cf. id.* at 2817 (Scalia, J., dissenting) ("[t]he vast majority of pending petitions, no doubt, do not relate to military commissions at all, but to more commonly challenged aspects of 'detention' such as the terms and conditions of confinement").

[4] As Petitioners noted above, even before *Hamdan* was decided, a number of district court judges rejected the assertion that the DTA precluded entry of the protective order.

they filed in this case and others a Motion for Procedures Relating to Review of Certain Detainee Materials. Respondents cannot have it both ways: requesting the assistance of this Court when it suits their needs, and simultaneously denying the authority of the Court to act on any request for relief filed by Petitioners.[5] *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

Based upon the foregoing, Respondents' assertion that this Court lack jurisdiction over this matter is clearly erroneous and should be rejected.[6]

---

[5] Respondents cannot avoid the inconsistency of their actions merely by including in their Motion for Procedures a statement that the Motion is filed "without prejudice to respondents' position that the Court lacks jurisdiction." (Motion for Procedures at 2 n. 3.)

[6] Any decision that the DTA eliminates jurisdiction over Petitioners' pending habeas claims notwithstanding *Hamdan* would necessarily violate, among other things, the Suspension Clause, the Fifth Amendment's guarantees of due process and equal protection, and the prohibition against Bills of Attainder. Petitioners respectfully request the opportunity to brief those issues should the Court conclude that the DTA divests it of jurisdiction over this action.

## II.    THE PROTECTIVE ORDER SHOULD BE ENTERED.

Over two years ago, the United States Supreme Court affirmed the right of Guantánamo detainees to pursue in this Court petitions for *habeas corpus* challenging the legality of their detention and their treatment by the Respondents. *Rasul v. Bush*, 542 U.S. 466 (2004). It is beyond argument that the exercise of that right is meaningless if a petitioner is denied the ability to communicate with his attorneys. *See Chandler v. Fretag*, 348 U.S. 3, 10 (1954) ("a defendant must be given a reasonable opportunity to employ and consult with counsel; otherwise, the right to be heard by counsel would be of little worth").

The *habeas* Petition of Ahmed "Doe" has now been pending for approximately one year. Because no Protective Order has been entered, he has been denied access to his attorneys. Indeed, we are unable to even confirm that he is aware that he is being represented by counsel and that a Petition for *habeas corpus* was filed on his behalf.

Respondents' attempt to continue to deny Petitioner access to counsel should be rejected. As noted above, there is no merit to Respondents' argument that, notwithstanding *Hamdan*, entry of the Protective Order is precluded by the DTA. This Court has the authority to enter the Protective Order, and there is no justification for further delay of the entry of that order while jurisdictional arguments are litigated at every level of the federal court system (including, possibly, yet another appeal to the United States Supreme Court).[7]

---

[7] Moreover, even if Respondents were correct that this matter should be deemed a challenge to a final decision of the CSRT, entry of the Protective Order would not impinge upon the jurisdiction of the D.C. Circuit Court of Appeals. Indeed, entry of an order permitting access to the client would be necessary to counsel's representation of Petitioner in such an appeal. These points were recognized by Magistrate Judge Kay in another Guantanamo *habeas* case, as referenced above. *Adem v. Bush*, No. 05-cv-723(RWR)(AK) (D.D.C. Mar. 14, 2006). Ruling on a motion seeking to compel the government's compliance with the terms of a Protective Order that had been entered pre-DTA, Magistrate Judge Kay rejected the suggestion that issues relating to counsel's access to their clients should be deferred, stating:

# CONCLUSION

Based upon the foregoing, Petitioners respectfully request that the Court issue an order entering the standard Guantánamo *habeas* Protective Order in this case.

Dated: Millburn, NJ
July 20, 2006

<div style="margin-left:40%">

Respectfully submitted,
Counsel for Petitioners:

  /s/ Louis A. Ruprecht         
RUPRECHT, HART & WEEKS, LLP
306 Main Street
Millburn, NJ 07041
Telephone: (973) 379-2400

  /s/ Kevin G. Boris         
RUPRECHT, HART & WEEKS, LLP
306 Main Street
Millburn, NJ 07041
Telephone: (973) 379-2400

Of Counsel:
Barbara J. Olshansky (New York State Bar#3635)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, NY 10012
Telephone: (212)614-6439

</div>

---

As an initial matter, the Court respectfully declines Respondents' invitation to defer ruling on Adem's motion pending resolution of the jurisdictional and retroactivity questions raised by the Detainee Treatment Act of 2005 (the "DTA"). The issues raised by Adem's motion seeking access to counsel pursuant to the Amended Protective Order do not implicate any of the jurisdictional questions currently pending in the D.C. Circuit and the Supreme Court.

> . . .

> "[A] protective order, like any ongoing injunction, is always subject to the inherent power of the district court." *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993) . . . .

*Id.* at 21-22 (footnote omitted). Magistrate Judge Kay went on to note that because counsel presumably would continue to represent the detainee in the D.C. Circuit Court of Appeals, access would remain an issue even if the DTA was held to preclude district court *habeas* jurisdiction. *Id.* at n. 25.

# CERTIFICATE OF SERVICE

I hereby certify that on July 21st, 2006, I served the foregoing on the counsel listed below by causing an original to be electronically filed with the Court.

Terry M. Henry
U.S. DEPARTMENT OF JUSTICE
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044
(202) 514-4107
Fax: (202) 616-8470
Email: terry.henry@usdoj.gov

Preeya M. Noronha
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20530
(202) 514-3338
Fax: (202) 616-8202
Email: preeya.noronha@usdoj.gov

*Attorneys for Respondents*

/s/ Kevin G. Boris
Kevin G. Boris