IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AHMED "DOE" (LAST NAME BEING UNKNOWN), *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, <br> *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-1458 (ESH) |

**RESPONDENTS' NOTICE REGARDING FACTUAL RETURN TO
PETITION FOR WRIT OF HABEAS CORPUS BY PETITIONER AHMED "DOE"**

Respondents hereby provide notice that, as of this date, respondents have been unable to identify petitioner Ahmed "Doe" as a detainee at Guantanamo Bay and, therefore, are presently unable to submit a factual return pertaining to this petitioner, as directed by the Court's August 18, 2006 Minute Order.  Counsel for respondents have requested additional identifying information from counsel for petitioner and, given the numerous names and aliases often used by Guantanamo Bay detainees, have not yet received any information that conclusively determines the identity of petitioner Ahmed "Doe."  Respondents will continue these efforts in order to attempt to resolve the identification of petitioner, however, unless and until respondents are able to identify petitioner Ahmed "Doe," respondents are unable to submit a factual return pertaining to this petitioner.[1]

---

[1] On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"), became law.  The DTA, among other things, amends 28 U.S.C. § 2241 and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of aliens held by the Department of Defense as

Dated: October 17, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

    /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

---

enemy combatants at Guantanamo Bay, Cuba.  The effect of the DTA on cases such as this, i.e., the extent to which the vesting of exclusive review in the Court of Appeals deprives this Court of jurisdiction to proceed, remains pending before the Court of Appeals.  Moreover, on October 17, 2006, the Military Commissions Act of 2006, Pub. L. No. 109- ___ (2006) ("the MCA"), became law.  The MCA, among other things, amends 28 U.S.C. § 2241 to eliminate district court jurisdiction to consider habeas petitions, as well as any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement," of aliens detained by the United States as enemy combatants.  See id. § 7.  The MCA expressly applies the amendment "to all cases, without exception, pending on or after the date of the enactment of this Act," which would include the above-captioned case, thereby unambiguously divesting this Court of jurisdiction over actions of this type.